**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOHN J. MELDON and DIANA B. FITZGERALD,<br><br>Plaintiffs,<br><br>v.<br><br>M^C CONNELL VALDÉS, LLC; RICARDO J. GARCÍA NEGRÓN; JAIME F. GONZÁLEZ SUÁREZ; DEFENDANTS A and B; CO-DEFENDANTS 1 and 2; DEFENDANTS X and Z,<br><br>Defendants. | CIVIL NO.:<br><br>RE: LEGAL MALPRACTICE, COMPENSATION OF DAMAGES<br><br>TRIAL BY JURY REQUESTED |

# COMPLAINT

Come now John J. Meldon, and Diana B. Fitzgerald and respectfully allege:

## I. JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over the claims subject of this case under 28 U.S.C. §§ 1332 (a) (1), insofar as the Plaintiffs are citizens of and reside in the State of Florida, and Defendants are citizens of and reside in Puerto Rico, and the amount in controversy exceeds $75,000.00, excluding interest and cost.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) insofar as defendants are residents of Puerto Rico and all of the events, acts, and/or omissions giving rise to Plaintiffs' claims occurred within this District, specifically, San Juan, P.R.

## II. PARTIES

3. Co-plaintiff John J. Meldon is of legal age, business person and is married to Diana B. Fitzgerald ("Meldon"). Co-plaintiff Meldon resides in the State of Florida.

4. Co-plaintiff Diana B. Fitzgerald is of legal age, business person and is married to Meldon ("Fitzgerald"). Fitzgerald resides in the State of Florida.

5. Co-defendant McConnell Valdés, LLC, ("McV") is a limited liability company organized to provide professional legal services under the laws of the Commonwealth of Puerto Rico, domiciled in San Juan, Puerto Rico.

6. Co-defendant Ricardo J. García Negrón ("García"), at all relevant times was an attorney at law and employee at McV, domiciled and resident of San Juan, Puerto Rico.

7. Co-defendant Jaime F. González Suárez, ("González"), at all relevant times was an attorney at law and employee at McV, domiciled and resident of San Juan, Puerto Rico.

8. Defendants A and B are the respective wives of co-defendants García and González.

9. Defendants 1 and 2 are the respective conjugal partnerships of García and González.

10. Defendants X and Z, presently unknown to plaintiffs, are persons that may be liable to Plaintiffs for the acts and /or omissions heretofore stated and include any insurance company that had issued a policy to cover the events alleged heretofore.

## III. REQUEST OF TRIAL BY JURY

11. Plaintiffs request trial by jury.

## IV. FACTS

12. Plaintiffs retained McV's services to represent them in the negotiation, drafting and execution of a Lease Agreement with an Option to Purchase an apartment located in #16 Calle del Sol, in Old San Juan, Puerto Rico, owned by Ljubinka Markovic ("Markovic"), and related matters.

13. Specifically, McV's services were rendered by García and González, that at all relevant times were associates or partners and thus McV's employees. McV will be hereinafter used as a term of art to include McV, and co-defendants García and González, unless otherwise suggested.

14. On February 15, 2020, Plaintiffs and Markovic entered into the Lease Agreement drafted by McV's García and/or González. Exh. 1.

15. The Lease Term of the agreement was one (1) year, starting on February 15, 2020 and ending on February 14, 2021. Exh. 1, page 1.

16. The Lease Agreement included an Option to Purchase clause by which Markovic (lessor) granted Plaintiffs (lessees), the option to purchase the leased apartment "at any time during the Lease Term by giving ninety (90) days written notice thereof to the LESSOR." Exh. 1, page 1, ¶ 4(b).

17. The Purchase Price in the option clause of the Lease Agreement was set at $750,000.00. Id., ¶ 4(a).

18. On July 9, 2020, Plaintiffs and Markovich signed Deed no. 8 titled Option to Purchase before McV's notary González. Exh. 2. In the Deed, the parties agreed that the Purchase Option could be exercised "at any time during the Option Period by giving ninety (90) days written notice." Exh. 2, pages 3-4, ¶ 2, One (b). The "Option Period" was set as starting "from the date of

execution of this Deed until February fourteen (14) two thousand twenty-one (2021)." Id, ¶ 2, One (a).

19. On November 13, 2020, McV's García, inquired with co-Plaintiff Meldon whether he would be exercising the option to purchase the apartment. Exh. 3. On the same date, co-plaintiff Meldon answered in the affirmative in the same e-mail thread indicating his interest in getting it done quickly. Exh. 3.

20. Due to the professional relationship between the parties and McV's email of November 13, 2020 (García/Meldon), Meldon's response can only be taken as an instruction to McV's García to do what was required to put him (Meldon) in a position to close the deal. See Exh. 3.

21. On December 10, 2021, McV's González sent an e-mail to Markovic attaching a letter of even date, in which Meldon notified Markovic of his and co-Plaintiffs Fitzgerald's intention to buy the apartment pursuant to the Option to Purchase. Exh. 4.

22. Markovic responded on even date that the Purchase Option had not been executed prior to the agreed 90 days term; that Meldon was exercising his option to buy sixty-four (64) days (instead of ninety (90) days) prior to February 14, 2021. Exh. 5.

23. In other words, Markovic rejected Plaintiffs' notice of intention to purchase the apartment alleging that the notification had been untimely, thus defective.

24. Plaintiffs' efforts (through McV) to have Markovic sell them the apartment were to no avail. In these efforts, McV and its attorneys represented to Plaintiffs that the notification to exercise the Option to Purchase had been timely because Plaintiffs were entitled to make the notification "at any time" during the lease term or the option period, and that Markovic was obligated to sell them the apartment pursuant to the Lease Agreement and Deed no. 8. However,

when addressing Markovic, McV stated that the notification was exercised "during the sufficient and reasonable period provided in the Option Deed." Exh. 6.

25. On May 21, 2021, Markovic filed an eviction and damages complaint against Plaintiffs. *See* Case No. SJ2021CV02878 before the Court of First Instance, San Juan Part ("CFI") (the "Eviction and Damages Case").

26. MCV recommended Toro Colón Mullet, P.S.C. ("TMC") to represent Meldon and Fitzgerald in the Eviction and Damages Case.

27. Through TCM, plaintiffs opposed the eviction complaint and defended MCV's drafting and interpretation of the Lease Agreement and Deed.

28. On December 28, 2023, the CFI issued a Partial Judgment summarily granting the eviction part of the complaint.

29. Among its Findings of Facts, the CFI determined the following:

> "7. On December 10, 2020, the matrimony Meldon Fitzgerald sent to Markovic an email providing notice to exercise the right to purchase option, as established in the Deed of Option to purchase for the Property Del Sol #16.
>
> 8. On December 10, 2020, Markovic sent an email to the Meldon Fitzgerald matrimony indicating that she did not receive the written notice of their intention to exercise the option to purchase the Property Del Sol #16 within the ninety days terms." (Unofficial translation.)

Both findings of facts have footnotes quoting documents and admissions on the CFI's record.

30. In its Partial Judgment, the CFI ruled that the Purchase Option was untimely exercised because it was not notified ninety (90) days before the expiration of the lease term. According to the CFI, the Purchase Option had to be exercised no later than November 16, 2020.

31. Plaintiffs timely appealed the CFI's Partial Judgment to the Court of Appeals ("CA").

32. On November 14, 2025, the CA confirmed the CFI's Partial Judgment.

33. According to the CA's Judgment, Plaintiffs had until November 16, 2020 to exercise the Purchase Option.

34. In particular, the CA determined: "Therefore, as stated in both documents and from the parties' intention, the appellant [Meldon-Fitzgerald] should have notified its exercise of the purchase option ninety (90) days prior to the termination of the lease contract, or, prior to November 16, 2020. Wherefore, it is correct to conclude that the party appellant [Meldon-Fitzgerald] did not exercise the notification of the option to purchase opportunely."

35. On December 15, 2025, plaintiffs filed a *certiorari* with the Supreme Court of Puerto Rico ("SCPR") challenging the CA's Judgment (AC-2025-0096).

36. The SCPR denied the *certiorari*. The order by which the SCPR denied the second motion for reconsideration, was notified on May 22, 2026. As a result, the Dec. 28, 2023 Judgment granting Markovic's petition for eviction was upheld and remanded for the determination of damages.

37. McV's failure to properly draft and/or timely exercise Plaintiffs' Option to Purchase has caused Plaintiffs significant economic damages.

38. McV is liable for all the ensuing damages caused to Plaintiffs after failing to notify plaintiffs' exercise of their Option to Purchase to Markovic on a timely basis. P.R. Civil Code-2020, Arts. 1536, 1540(d); <u>Inmobiliaria Baleares v. Benabe</u>, 2024 TSPR 112.

39. Before filing this complaint, Plaintiffs approached and sought McV's assistance in defending against the eviction and extrajudicial settlement on various occasions. The last of said efforts was made on July 29, 2026. These efforts were fruitless.

## V. FIRST CAUSE OF ACTION
(Loss of the Apartment/Business Opportunity)

40. The previous allegations are incorporated herein and made part of this cause of action.

41. Defendants' action or omissions in counseling and drafting the deed found deficient by the CFI and CA and/or in timely exercising the Purchase Option barred Plaintiffs from acquiring the apartment at #16 Calle del Sol, Old San Juan, from Markovic.

42. Had it not been for Defendants' omission to properly draft and/or timely exercise the option purchase, Markovic would have been obligated to sell the apartment to plaintiffs in the amount of $750,000.00 as per the agreed terms.

43. The market value of the apartment as of April 2023 was estimated to be $1,270,000.00. Exh. 7 ("Appraisal Report").

44. Defendants' tortious omission to timely notify plaintiffs' exercise of the option caused plaintiffs' lost profits in an amount no less than $520,000.00.

45. Plaintiffs are entitled to receive and hereby demand from defendants the corresponding compensation to recover their loss of the apartment and profits.

## VI. SECOND CAUSE OF ACTION
(Moneys disbursed from 2021 to 2025)

46. Upon filing of the eviction and damages complaint, plaintiffs were required to pay $223,285.00 from 2021 to 2025 for occupying the optioned apartment.

47. Said payment totaling $223,285.00 is money that could have been invested in gainful activities.

48. But for defendants' actions or omissions, plaintiffs were saddled with the payment of $223,285.00 for which amounts Defendants are liable.

49. Plaintiffs request reimbursement of these amounts.

## VII. THIRD CAUSE OF ACTION
(Legal fees and costs incurred in the CFI case)

50. The previous allegations are incorporated herein and made part of this cause of action.

51. As a result of Defendants' acts and/or omissions in drafting the deed and/or its omission to timely exercise the Purchase Option, Plaintiffs have incurred in considerable legal fees, expenses and costs defending against their eviction from the apartment and defending Defendants' contractual drafting and interpretation in the case filed by Markovic. Exh. 8.

52. Plaintiffs are entitled to recover the amounts paid and/or owed to TMC in legal fees, expenses and costs incurred in the defense of the eviction case and Defendants' drafting of the lease agreement and untimely notification.

53. Plaintiffs request reimbursement of all amounts spent in litigation fees, expenses and costs in defending the Markovic's case, estimated in an amount no less than $214,482.48. Exh. 8.

## VIII. FOURTH CAUSE OF ACTION
(Interests)

54. The previous allegations are incorporated herein and made part of this cause of action.

55. Defendants owe Plaintiffs "mora," pre and post judgment interest on all amounts claimed herein, including over lost profit and sums paid to TCM.

56. The stated amounts accrue yearly interest at the rate set by the Commissioner of Financial Institutions which at this point in time is 7.75% annually.

## IX. FIFTH CAUSE OF ACTION
(Damages sought by Markovic in the CFI case)

57. The previous allegations are incorporated herein and made part of this cause of action.

58. Plaintiffs are exposed to a judgment for damages in the Markovic's case that remains unsettled.

59. Plaintiffs turned to Defendants McV for guidance following Markovic's decision not to sell the apartment to plaintiffs alleging that the exercise of the Purchase Option was untimely.

60. Defendants did not admit their deficient drafting of the Agreement and Deed nor their untimely notification of the exercise of the Purchase Option on behalf of the plaintiffs.

61. Contrary to Defendants' opinion, the CFI found that the Deed does not support Defendants' McV interpretation and that the exercise of the Purchase Option was untimely, thus invalid. Such court determination is final and firm.

62. Thus, Defendants are liable for any ultimate determination on the issue of damages to compensate Markovic in the eviction and damages case, including any mental damages, rent differentials and legal fees and costs.

63. Plaintiffs request that this court order McV to fully satisfy any damages awarded by the CFI to Markovic in the Eviction and Damages Case.

## X. SIXTH CAUSE OF ACTION
(Costs and Attorney's Fees)

64. The previous allegations are incorporated herein and made part of this cause of action.

65. Prior to filing this complaint, Plaintiffs approached Defendants on various occasions to reach an accommodation and settlement. McV consistently ignored and/or rejected

Plaintiffs overtures to reach a reasonable agreement. Exh. 9. In fact, the undersigned had just one conversation with McV more than a year ago and a scheduled conversation (9Sept26) that had to be postponed due to an accident of the undersigned.

66. More recently, however, once the undersigned returned to the office after medical treatment the invitations to meet were ignored.

67. Defendants caused Plaintiffs additional costs, attorney fees and inconveniencies by forcing plaintiffs to file and prosecute this civil action.

68. Plaintiffs are entitled to receive and hereby request this Court to impose upon Defendants a reasonable amount in costs (FRCP Rule 54 (d)(1), and attorney fees pursuant to FRCP Rule 54 (d)(2).

## XI. RELIEF

WHEREFORE, the Plaintiffs respectfully request this Court to grant this complaint and any other remedies to which they may be entitled to under the law and/or equity and to provide attorneys' fees and mora and pre and post judgment interest at the applicable legal rate.

Plaintiffs request trial by jury.

In San Juan, Puerto Rico, October 27, 2026.

**MORELL CARTAGENA & DAPENA**
P.O. Box 13399, San Juan, PR 00908
Tel. (787) 723-1233
Fax. (787) 723-8763

*/f/* Ramón E. Dapena
USDC #125005
ramon.dapena@mbcdlaw.com